UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN MICHAEL HART,<br><br>Defendant. | Case No. 1:17-cr-00078-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court in the above entitled matter is a request by Defendant Shawn Michael Hart this Court make a judicial recommendation to place Hart "in a community correctional facility (halfway house or home detention)[1] for [t]welve (12) months preceding his release from confinement." Dkt. 55, at 1. Hart was sentenced to 54 months confinement on January 30, 2018. Dkt. 51. Hart's pending motion was filed July 30, 2018.

## II. LEGAL STANDARD

"A person who has been sentenced to a term of imprisonment [in the federal court] . . . shall be committed to the custody of the Bureau of Prisons [("BOP")] until the expiration of the term imposed . . . ." 18 U.S.C. § 3621(a). The BOP's authority to place an inmate in prerelease custody, specifically a residential re-entry center ("RRC"), is

---

[1] Hart has requested this Court make a judicial recommendation for Hart to be placed in a "halfway house." Dkt. 55, at 1. The Court notes the term "halfway house" is synonymous with the phrase "residential re-entry center" ("RRC") under 18 U.S.C. § 3624(g)(2)(B) and interprets Hart's request as a request for a judicial recommendation for prerelease custody placement, specifically an RRC, under 18 U.S.C. § 3624(c).

governed by 18 U.S.C. § 3621(b) and § 3624(c). *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010); *see also* 18 U.S.C. § 3621(b) (The BOP has the authority to "designate the place of [a] prisoner's imprisonment" and to alter the conditions of confinement and release.). The BOP is charged with preparing prisoners for reentry during the final months of imprisonment. *Sacora v. Thomas*, 628 F.3d at 1062 (citing 18 U.S.C. § 3624(c)).

District Courts have the authority ". . . to make (or not make) [post judgment] non-binding recommendations to the Bureau of Prisons at any time . . . ." *U.S. v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).[2] *See also U.S. v. Parlin*, 2019 WL 5268542, at *2 (D. N.V. Oct. 17, 2019) (following the *Ceballos* opinion "[a]ccordingly, the court finds that it has the discretion to issue, or not issue, a post-judgment recommendation, and that such a recommendation does not violate the limitations set forth in 18 U.S.C. 3582 and Federal Rules of Criminal Procedure 35 and 36.") Judicial recommendations may and are routinely used to designate a defendant's placement within the custody of the BOP. *U.S. v. Bishop*, 2015 WL 13235851 at *2 (D. Haw. Oct. 2, 2015) (citing *United States v. Landers*, 2013 WL 5530271, at *2 (D. S.C. Oct. 7, 2013). However, "a district court's recommendation to the Bureau of Prisons is just that—a recommendation. It is not part of the sentence imposed by the district court . . . ." *Ceballos*, 671 F.3d at 856.

---

[2] The Court's authority to make a non-binding judicial recommendation is separate from the Court's authority under 18 U.S.C. § 3582(c) to review a defendant's sentence and modify that sentence. Here, the Hart has not requested this Court to modify his sentence, but to make a non-binding recommendation to the Bureau of Prisons for Hart's prerelease custody placement under 18 U.S.C. § 3624(c). Dkt. 55, at 1.

# III. DISCUSSION

Hart requests this Court make a recommendation to the BOP that Hart be placed in a prerelease custody program, specifically an RRC, for a period of 12 months. Dkt 55, at 1. Hart believes his placement in an RRC will enable him to return to work, increase contact with his two children, and begin payments on his restitution. Dkt 55, at 2. Hart contends that his acceptance of responsibility of his actions and his attempts to become "a productive member of society" warrant his placement in a prerelease custody program. Dkt 55, at 2.

While the Court applauds Hart's stated goals and is sympathetic to Hart's request, the Court concludes the Bureau of Prisons is in the best position to determine Hart's pre-release custody placement under 18 U.S.C. § 3624(c). The Court can appreciate Hart's reasons for seeking this Court's recommendation, however, the Court is unable to make an informed recommendation without knowing the recommendation of the Bureau of Prisons. Therefore, this Court declines to issue a recommendation to the Bureau of Prisons.

## ORDER

IT IS HEREBY ORDERED:

1. Hart's Motion for Judicial Recommendation (Dkt. 55) is **DENIED**.

DATED: March 31, 2020

David C. Nye
Chief U.S. District Court Judge